UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN PRASAD,

            Plaintiff,

    v.

CARLOS BOLANOS, et al.,

            Defendants.

Case No. 20-cv-08328-JST

**ORDER OF DISMISSAL**

       Plaintiff, a pretrial detainee at Maple Street Correctional Center ("MSCC"), in Redwood City, California has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  His amended complaint (ECF No. 18) is now before the Court for review under 28 U.S.C. § 1915A.  For the reasons set forth below, the amended complaint is DISMISSED with prejudice.

**DISCUSSION**

**A.   Standard of Review**

       A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

United States District Court
Northern District of California

1   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a

7   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

8   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

9   U.S. 42, 48 (1988).

10   **B.      Amended Complaint**

11           The amended complaint again names as defendants San Mateo County Sheriff Carlos G.

12   Bolanos, San Mateo County Undersheriff Mark C. Robbins, San Mateo County Assistant Sheriff

13   John W. Munsey, San Mateo County Captain Kristina Bell, and San Mateo County Lieutenant

14   John Kovach.

15           The amended complaint makes the following allegations relevant to Plaintiff.[1]

16           Prior to COVID, MSCC inmates were allowed face-to-face visits if they were part of a

17   program or were kitchen workers.  In March 2020, Governor Newsom issued a stay-at-home order

18   in response to the COVID-19 pandemic.  In accordance with this order, San Mateo County

19   cancelled all visits.  At that time, San Mateo County had allowed face to face visits and was using

20

21   _____

22   [1] Plaintiff again complains generally of alleged jail policies with which he disagrees, such as
housing deputies turning off video visiting systems during inmate recreation hours and a failure to
update jail computers so that they can properly run the Smart Jail Mail Video Visiting System.

23   However, Plaintiff does not specify how these policies have violated his constitutional rights.  The
Court cannot consider Plaintiff's general concerns about how Maple Street Correctional Center is

24   run or how the video software has, at times, failed for other inmates.  Plaintiff lacks standing to
seek relief for injuries that he has not suffered. *See, e.g., Fleck & Assocs., Inc. v. Phoenix*, 471

25   F.3d 1100, 1104 (9th Cir. 2006) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985)
(under prudential limitations of standing, litigant must normally assert his own legal interests

26   rather than those of third parties).  Nor can the Court issue declaratory judgments to address
Plaintiff's general concerns. *See, e.g., MEIC v. Stone-Manning*, 766 F.3d 1184, 1188 (9th Cir.

27   2014) (declaratory judgment action must be ripe for review, which depends on whether under all
the circumstances, facts show: (1) substantial controversy, (2) between parties having adverse

28   legal interests, (3) which are of sufficient immediacy and reality to warrant issuance of declaratory
judgment).

1    the Renovo Video Visiting System.  In response to a June 2020 MSCC inmate hunger strike to

2    protect commissary prices and the cancellation of visits, MSCC replaced Renovo Video Visiting

3    System with Smart Jail Mail Video Visiting System, which allowed visitors to visit inmates

4    remotely from their home, as long as they had hardware that could run the software and had the

5    necessary plug-ins.  The Smart Jail Mail Video Visiting System requires visitors to be

6    knowledgeable about computers and capable of troubleshooting.

7            Plaintiff had visits scheduled with family members on July 27, 2020, and August 24, 2020.

8    Both these visits did not take place because Plaintiff's family members' computers kept returning

9    the error message: "cannot load plug-in."

10           Plaintiff also alleges that the jail computers likely do not have the hardware necessary to

11   consistently run the Smart Jail Mail Video Visiting System, based on his observations that (1) at

12   any given time, one or two of the video visiting stations in each housing unit is not working, and

13   (2) the software has crashed or frozen during visits.

14           Plaintiff alleges that the continued use of the Smart Jail Mail Video Visiting System

15   constitutes cruel and unusual punishment in violation of the Eighth Amendment because the lack

16   of visits is harmful to his physical and mental health, and to his safety.  Plaintiff requests

17   declaratory and injunctive relief in terms of implementation of various policies that he believes

18   would allow for more consistently successful video visits and allow for MSCC to safely and

19   effectively resume in-person visits, including reopening the lobby, returning to the Renovo system

20   or using Zoom, updating jail computers' hardware, and a policy requiring housing deputies to

21   allow inmates to access video visiting stations during recreation time.

22   **C.    Analysis**

23           Because Plaintiff is a pretrial detainee, his claim is properly brought under the Fourteenth

24   Amendment, and not the Eighth Amendment.  When a pretrial detainee challenges conditions of

25   his confinement, the proper inquiry is whether the conditions amount to punishment in violation of

26   the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535

27   n.16 (1979).  The state may detain a pretrial detainee "to ensure his presence at trial and may

28   subject him to the restrictions and conditions of the detention facility so long as those conditions

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    and restrictions do not amount to punishment or otherwise violate the Constitution." *Bell*, 441

2    U.S. at 536-37.  If a particular condition or restriction of pretrial detention is reasonably related to

3    a legitimate governmental objective, such as maintaining jail security and order, the condition

4    does not, without more, amount to punishment.  *See id.* at 539-40.  To determine whether a

5    particular condition or restriction of pretrial detention amounts to punishment in the constitutional

6    sense of the word, the court first looks to whether the disability imposed is for the purpose of

7    punishment or whether it is but an incident of some other legitimate governmental purpose.  *See*

8    *Bell*, 441 U.S. at 538.  Absent a showing of an express intent to punish, whether a condition or

9    restriction amounts to punishment generally will turn on whether there is an alternative, rational

10   purpose for the condition/restriction, and whether the condition/restriction appears excessive in

11   relation to that alternative purpose.  *See id.*

12           The continued use of the Smart Jail Mail Video Visiting System fails to state a cognizable

13   Fourteenth Amendment claim.  Plaintiff has not alleged, and the factual allegations do not support,

14   that the implementation of Smart Jail Mail Video Visiting Software was the result of an express

15   intent to punish, and the factual allegations indicate that there was an alternative, rational purpose

16   for the implementation.  The amended complaint acknowledges that the replacement of the

17   Renovo Video Visiting System with the Smart Jail Mail Video Visiting System was not imposed

18   for the purpose of punishment.  Rather, the implementation of Smart Jail Mail Video Visiting

19   system was an incident of the legitimate governmental purpose of abiding by Governor Newsom's

20   March 2020 stay-at-home order and preventing the spread of COVID which had required the

21   cessation of both in-person visits and visits using video kiosks in the lobby.  According to the

22   amended complaint, the implementation of Smart Jail Mail Video Visiting Software was to allow

23   visitors to visit inmates remotely.  The remaining question therefore is whether the

24   implementation of Smart Jail Mail Video Visiting Software was excessive in relation to the goal of

25   allowing for inmate visits while abiding by Governor Newsom's stay-at-home order and

26   preventing the spread of COVID.

27           Plaintiff argues that the continued use of the Smart Jail Mail Video Visiting Software is

28   excessive because it has failed both times he tried to use it, effectively denying him visits to which

4

United States District Court
Northern District of California

1    he is otherwise entitled to under prison regulations.  The implication is that use of the Smart Jail

2    Mail Video Visiting Software is the equivalent of denying all inmates, including Plaintiff, video

3    visitations.  However, Plaintiff has only described two instances where the video system failed and

4    both times it was because his family members' computers were unable to load a necessary plug-

5    in.[2]  According to the amended complaint, other inmates have been able to use the Smart Jail Mail

6    Video Visiting Software.  Plaintiff describes inmates facing challenges consistently using Smart

7    Jail Mail tablets and the video visiting stations, but does not allege that the Smart Jail Mail Video

8    Visiting Software fails so reliably and frequently as to constitute a complete denial of visits.

9    Given that other inmate visitors are able to successfully complete video visits, it is unreasonable to

10   assume from two instances, both times presumably using the same computer, that the inability to

11   load the plug-in was solely due to the Smart Jail Mail Video Visiting Software or that

12   troubleshooting this error is beyond the ability of most inmate visitors.  Plaintiff's allegations

13   regarding his two instances of inability to conduct visits using the Smart Jail Mail Video Visiting

14   Software do not lead to a reasonable inference that the continued use of the Smart Jail Mail Video

15   Visiting Software is excessive in relation to the goal of preventing COVID and constitutes

16   punishment in violation of the Fourteenth Amendment.  *See, e.g., Bell Atlantic Corp. v. Twombly*,

17   550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the

18   speculative level.") (citations omitted).

19           The amended complaint will be DISMISSED for failure to state a cognizable Fourteenth

20

---

21   [2] Plaintiff has also made other allegations about problems with the Smart Jail Mail Video Visiting
     System, namely that he believes that the jail computers/video visiting stations are unable to
22   consistently run the software since he sees one or two stations non-operational at any given time
     and the software often crashes or freezes, and that the wi-fi system is not robust enough to allow
23   easy use of the Smart Jail Mail tablets.  Plaintiff has not personally experienced these issues so
     lacks standing to sue on the grounds that these issues may impact his later visits.  *See Trump v.*
24   *New York*, 141 S. Ct. 530, 534 (2020) (foundational principle of Article III standing is that actual
     controversy must exist not only at time complaint is filed, but through all stages of litigation;
25   plaintiff must demonstrate that case is ripe, not dependent on contingent future events that may not
     occur as anticipated, or may not occur at all).  In addition, these allegations do not establish that
26   the Smart Jail Mail Video Visiting Software does not work at all.  Whether a video visiting station
     is functional cannot be attributed solely to the software.  A problem with wi-fi coverage does not
27   establish that the continued use of the Smart Jail Mail Video Visiting Software is punitive.
     Finally, assuming that the video visiting stations often freeze or crash while running this software
28   also does not establish that the use of this software is punitive given the necessity for restrictions
     on prison movement and outside contact due to COVID-19.

United States District Court
Northern District of California

1   Amendment claim.  This dismissal is with prejudice because leave to amend would be futile.

2   Plaintiff has previously been granted leave to amend, and the crux of his allegations – that the

3   continued use of the Smart Jail Mail Video Visiting System violates the Fourteenth Amendment

4   because his family members were twice unable to use it – fails to state a cognizable Fourteenth

5   Amendment claim.  *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (district

6   court may deny leave to amend if it determines that allegation of other facts consistent with

7   challenged pleading could not possibly cure deficiency).

## CONCLUSION

9          For the foregoing reasons, the Court DISMISSES this action for failure to state a claim.

10  All pending motions are DENIED as moot.  The Clerk shall enter judgment in favor of Defendants

11  and against Plaintiff, and close the case.

12          **IT IS SO ORDERED.**

13  Dated:  September 20, 2021

14  _____
                              JON S. TIGAR
15                         United States District Judge